UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| BRYAN ROBINSON, | : | |
| | : | |
| Plaintiff | : | Civil Action No. |
| | : | |
| | : | **PLAINTIFF REQUESTS A** |
| -vs- | : | **TRIAL BY JURY** |
| | : | |
| GEORGE S. HALL, INC; | : | **COMPLAINT** |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

Plaintiff, BRYAN ROBINSON ("Plaintiff" and/or "Robinson"), by and through his undersigned counsel hereby files this Civil Action Complaint against Defendant, GEORGE S. HALL, INC. ("Defendant" and/or "GSH") and upon information and belief avers the following:

## NATURE OF THE CASE

Plaintiff complains of retaliation and wrongful termination pursuant to the Civil Rights Act of 1866, as codified, 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e et. seq. ("Title VII"), and the Pennsylvania Human Relations Act, ("PHRA"), as codified, 43 P.S. § 951 et seq., and seeks damages to redress injuries Plaintiff suffered as a result of retaliation, which ultimately led to Plaintiff's termination by his employer.

## JURISDICTION AND VENUE

1. This action involves questions of federal law pursuant to Section 1981 and Title VII.

2. This Court has supplemental jurisdiction over the forthcoming Pennsylvania causes of action to be brought under the PHRA pursuant to 28 U.S.C. § 1367, as all claims arise from the same nucleus of operative fact.

1

3.  Venue is proper in the Eastern District of Pennsylvania as Plaintiff was employed by Defendant in the county of Chester within the Commonwealth of Pennsylvania, where the discrimination occurred.

4.  Around July 25, 2025, Plaintiff filed a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") and requested that the EEOC dual-file the Charge with the Pennsylvania Human Relations Commission ("PHRC") pursuant to their work-sharing agreement.

5.  On February 18, 2026, the EEOC issued Plaintiff a Notice of Right to Sue.

6.  Plaintiff has accordingly exhausted his administrative remedies pertaining to his claims arising under Title VII.

7.  Plaintiff reserves the right to amend this Complaint to include claims arising under the PHRA once more than one year has passed since the filing date of his Charge of Discrimination.

## **PARTIES**

8.  Plaintiff BRYAN ROBINSON is a black/African American male and a resident of the County of Philadelphia within the Commonwealth of Pennsylvania.

9.  Defendant GEORGE S. HALL, INC. ("GSH") is a foreign business corporation created under and authorized to do business pursuant to the laws of the state of Delaware.

10. At all times material, Defendant GSH operated a facilities management and maintenance business that contracted with other businesses within the Commonwealth of Pennsylvania to provide related on-site services

11. At all times material, Defendant GSH contracted to provide engineering services to The Vanguard Group ("Vanguard") located at 100 Vanguard Boulevard, Malvern, PA 19355.

2

12. At all times material, Plaintiff Robinson was assigned by GSH to work at Vanguard's offices located at 3801 West Chester Pike, Newtown Square, PA 19073.

**<u>MATERIAL FACTS</u>**

13. Around March 11, 2025, Plaintiff Robinson, a Black male, began working for Defendant GSH as a Chief Engineer.

14. In that role, GSH assigned Plaitniff to work on a daily basis at Vanguard's Newtown Square office.

15. Around June 11, 2025, Plaintiff was leaving work in his vehicle when he was addressed by a white male Vanguard employee who was also leaving the facility while both of their cars were stopped at a red light.

16. The unknown employee abruptly and angrily stated "Did you fix the mouse problem yet" to Plaintiff, which Plaintiff understood to refer to an ongoing issue at the facility.

17. Surprised by the sudden questioning, in an attempt to defuse the situation, Plaintiff replied in words or substance that "I can't really go into detail about that with you, but you can be sure that we're taking care of it, man."

18. In response, the unknown employee became angrier and stated something else that was unintelligible, leading Plaintiff to roll up his window given the employee's unjustified demeanor towards him.

19. As Plaintiff did not want to escalate the situation, he did not engage further with the employee, who then made a sarcastic, angry facial expression and stated "You Black motherfucker" to Plaintiff.

20. Following the highly upsetting incident and overtly discriminatory remark, Plaintiff duly reported what had occurred to both his direct supervisor at GSH, Damien Czirjak ("Czirjak") and to Vanguard the following day, as well as copying higher management with GSH.

21. Plaintiff also followed up with an email to one of Vanguard's attorneys, Sheila Williams, early on the morning of June 13 to formally document what had occurred, noting that the remake was racially insensitive and requesting that Vanguard take action to remedy the situation and ensure his safety.

22. Plaintiff also contacted Czirjak separately to reiterate his concerns about potential retaliation and the resulting uncomfortable working environment that had developed following his initial reports.

23. In response, Czirjak was largely dismissive, dismissing Plaintiff's questions about a possible transfer of his working assignment, and also stated to Plaintiff that Plaintiff should have just come to him instead of involving Human Resources.

24. Following that correspondence, neither Vanguard nor GSH contacted Plaintiff to discuss the matter or provide any followup on the disturbing incident.

25. Instead, Plaintiff received a phone call from Czirjak soon after advising him that he was being terminated.

26. Even more concerning, a mere 10 days following his formal report to Ms. Williams and his discussions with Czirjak, Plaintiff abruptly received an email from ADP Totalsource, GSH's "Human Resources Coemployer," noting that his employment had ended "due to

resignation, termination, and/or job elimination." The email contained no reason for his apparent sudden termination.

27. Plaintiff was blindsided by the email, as he had received no prior indication that Vanguard or GSH had any issue with his work performance, nor had he communicated any desire or intent to resign during his phone call with Czirjak or at any other time.

28. Accordingly, Plaintiff reasonably understood his termination to be solely in retaliation for his assertion of his rights to be free from discrimination in the workplace.

29. Plaintiff attempted to reach back out to Czirjak following his receipt of the email, but was unable to reach any resolution of the matter.

30. Plaintiff was targeted for adverse action including termination due to Plaintiff's membership in a protected class based upon race and due to Plaintiff's reports of and opposition to the discrimination and harassment in the workplace.

31. As a result of Defendant's conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

32. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

33. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer a loss of income, loss of salary, bonuses, benefits and other compensation which such employment entails.

34. Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

35. Plaintiff has further experienced severe emotional and physical distress.

5

36. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendant, jointly and severally.

37. Defendant has exhibited a pattern and practice of not only discrimination but also retaliation.

38. Defendant at all times refused to investigate or take appropriate remedial action in response to Plaintiff's complaints of discrimination, harassment and hostile work environment.

39. Defendant's discriminatory conduct was severe and pervasive, and created a hostile work environment for Plaintiff.

40. The above are just some of the examples of the discrimination and retaliation to which Defendants subjected Plaintiff.

41. Defendant has exhibited a pattern and practice of not only discrimination but also retaliation.

**COUNT I**
**RACE DISCRIMINATION UNDER**
**42. U.S.C. § 1981**

42. Plaintiff hereby incorporates each and every allegation made in the above paragraphs of this complaint as fully as if they were set forth at length.

43. 42 U.S.C. § 1981 states in relevant part as follows:

    a.  (a) Statement of equal rights of all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes,

6

licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined for purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

44. Defendants discriminated against Plaintiff based on his race in violation of § 1981.

45. Plaintiff makes claims for all damages available to him as a result of Defendants' unlawful discrimination.

## COUNT II
## RETALIATION UNDER
## 42 U.S.C. § 1981

46. Plaintiff hereby incorporates each and every allegation made in the above paragraphs of this complaint as fully as if they were set forth at length.

47. Defendants have violated 42 U.S.C. § 1981 by subjecting Plaintiff to retaliation for his protected complaints and opposition to Defendants' unlawful discriminatory conduct on the basis of his race, by denying Plaintiff like privileges of employment by suspending Plaintiff without pay, and terminating his employment.

48. Plaintiff makes claims for all damages available to him as a result of the Defendants' retaliation.

## COUNT III
## RETALIATION UNDER TITLE VII

49. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

50. Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e-3, states in relevant part that: (a) It shall be an unlawful employment practice for an employer to discriminate against any of his employees...because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

51. Defendant violated Plaintiff's rights by subjecting Plaintiff to retaliation in response to his protected complaints and opposition to Defendants' unlawful discriminatory conduct on the basis of his race, including but not limited to denying Plaintiff like privileges of employment by terminating Plaintiff's employment.

52. Plaintiff accordingly makes claims for all damages available to him under Title VII.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, in an amount to be determined at the time of trial plus interest, including but not limited to, all emotional distress, back pay, front pay, punitive damages, liquidated damages, statutory damages, attorney's fees, costs, and disbursements of action; and, for such other relief as the Court deems just and proper.

Dated: May 18, 2026

**FREUNDLICH & LITTMAN, LLC**
Attorneys for Plaintiff

By: _/s/ Nathaniel N. Peckham, Esq._
Nathaniel N. Peckham, Esquire
1425 Walnut Street, Suite 200
Philadelphia, PA 19102
P: (215) 545-8500
E: _nathaniel@fandllaw.com_

9